**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FIRETREE, LTD,** | : | **CIVIL ACTION NO. 1:08-CV-0995** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA, DEPARTMENT** | : | |
| **OF GENERAL SERVICES,** *et al.,* | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 5th day of June, 2008, upon consideration of plaintiff's

motion for default (Doc. 24), filed on May 27, 2008, which requests that the Clerk of

Court enter default against defendants pursuant to Rule 55(a) of the Federal Rules

of Civil Procedure because defendants failed to file an answer to the amended

complaint within the period prescribed by Rule 12(a)(1)(A)(i), and it appearing that

defendants subsequently filed an answer on June 2, 2008, (see Doc. 25), and that the

court may decline to enter default when it is "apparent that [the default] would be

set aside on a motion by defendants," 10A CHARLES ALAN WRIGHT, ET AL., FEDERAL

PRACTICE AND PROCEDURE § 2682 (3d ed. 1998); Stevens v. Wiggins, No. 90-7038,

1991 WL 152960, at *1 n.2 (E.D. Pa. Aug. 6, 1991) ("Although Rule 55(a) states that

the Clerk of Court may enter default, the court also has that power.") see also Song

v. Smith, No. 91-15444, 1992 WL 2772, at *2 (9th Cir. Jan. 3, 1992); Brown v.

Weschler, 135 F. Supp. 622, 624 (D.D.C. 1955), and the court concluding that

defendants have a litigable defense on the ground that their actions do not

constitute First Amendment retaliation as averred by plaintiff, (<u>see, e.g.</u>, Docs. 19, 33 in Civil Action No. 1:08-CV-0245 (M.D. Pa.)), that defendants' delay in filing an answer is likely the result of both the recent transfer of the above-captioned matter to this judicial district and the resolution of preliminary injunction proceedings in the associated matter docketed at Civil Action No. 1:08-CV-0245, and that denial of plaintiff's motion will not prejudice plaintiff's ability to advance its claims on the merits because defendants promptly provided an answer after plaintiff filed the motion for default, and the court further concluding that entry of default is therefore inappropriate, <u>see</u> <u>Chamberlain v. Giampapa</u>, 210 F.3d 154, 164 (3d Cir. 2000) (stating that the court should evaluate prejudice to the plaintiff, the existence of a litigable defense, and the culpability of defendant's delay when ruling on a motion for default judgment), it is hereby ORDERED that:

1.  The motion for entry of default (Doc. 24) is DENIED.  The Clerk of Court is instructed to refrain from entering default in the above-captioned matter.

2.  Defendants' answer is CONSTRUED as a motion for extension of the period within which to respond to the amended complaint.  The motion is GRANTED as so construed.  The answer is DEEMED timely filed for purposes of Rule 12(a)(1)(A)(i) of the Federal Rules of Civil Procedure.[1]

                              S/ Christopher C. Conner
                              CHRISTOPHER C. CONNER
                              United States District Judge

---

[1]Defendants are advised that extension of the filing periods requires leave of court.  <u>See</u> FED. R. CIV. P. 6(b)(1).  All such future requests shall be presented to the court through motion practice.